IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WILLIAM J. NORDHOLM, | ) | Cause No. CV 05-58-H-DWM-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| JAMES MacDONALD, Warden; MIKE MAHONEY, Warden, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On December 1, 2005, Petitioner William J. Nordholm filed a petition for writ of habeas corpus. Nordholm is a state prisoner proceeding pro se.

On September 29, 2006, the Ninth Circuit Court of Appeals issued an Order denying Nordholm leave to proceed with a second petition for writ of habeas corpus as to his first claim for relief.[1] His first claim alleges that he was deprived of a preliminary, probable cause hearing in Missoula County in November 2003.

This Court reviewed Nordholm's file after the Ninth Circuit's

---

[1] Although the circuit's Order does not reflect the correct case number in this Court, it is clear that it intends to refer to this case.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

Order was received. Accordingly, on October 19, 2006, Nordholm was ordered to show cause why his petition should not be dismissed as moot on the grounds that he has been released. He responded on November 2, 2006, acknowledging that he "is now experiencing freedom tantamount to his initial release in October 2003." Resp. to Order (Court's doc. 8) at 1. However, he states that he would like to impose tort liability on the Respondents and so wants to press on with his petition. Id.

In Spencer v. Kemna, 523 U.S. 1 (1998), the United States Supreme Court held that a habeas petitioner who challenges a parole revocation but is later released from custody no longer satisfies the "case or controversy" requirement of Article III of the Constitution. The reason for its holding was that "[n]o civil disabilities ... result from a finding that an individual has violated his parole." Id. at 12 (quoting Lane v. Williams, 455 U.S. 624, 632 (1982)) (internal quotation marks omitted). In other words, once a parolee is re-released, he typically no longer suffers any consequence as a result of the revocation of his parole – at least, any consequence relates more directly to his original conviction and sentence.

Because mootness is jurisdictional, see, e.g., Burnett v. Lampert, 423 F.3d 996, 999 (9th Cir. 2005), and because Nordholm concedes that he now has approximately the same degree of freedom that he had before the revocation of his conditional release, the

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

habeas petition must be dismissed.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

Nordholm's Petition (Court's doc. 1) should be DISMISSED WITHOUT PREJUDICE as moot.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Nordholm must immediately inform the Court of any change in his mailing address.

DATED this 22nd day of November, 2006.

                                                **/S/** Carolyn S. Ostby
                                                Carolyn S. Ostby
                                                United States Magistrate Judge

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in Houston v. Lack, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3